# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| A'KWANZA BLAKES,<br>Plaintiff,<br>v.<br>WAYNE COUNTY JAIL, et al.,<br>Defendants. | 2:25-cv-106 |

## ORDER

The Magistrate Judge entered a Report and Recommendation that the Court dismiss Plaintiff's claims against Defendants Blash, County Commissioners, District Attorney, Ferrell, Hines, Little, Lockwood, Wayne County Jail, and Wingate. Dkt. No. 22. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation.[1] Dkt. No. 37. Defendants Hayes and Mosley filed Responses, and Plaintiff filed a Reply. Dkt. Nos. 45, 48. For the following reasons, I **OVERRULE** Plaintiff's Objections.

## BACKGROUND

In his Amended Complaint, Plaintiff named as Defendants Blash, County Commissioners, District Attorney, Ferrell, Hayes, Hines, Little, Lockwood, Mosley, Wayne County Jail, and Wingate. Plaintiff claimed that Defendants violated his constitutional

[1] Plaintiff filed three identical Objections. Dkt. Nos. 37, 41, 43. The Court, therefore, **ORDERS** the Clerk of Court to terminate the duplicate filings, dkt. nos. 41, 43.

rights by: detaining him without an indictment; allowing Defendant Lockwood to sexually assault him; punching him in the face; holding him in isolation and without medical care for months; and housing him without clothing or bedding. Dkt. No. 18.

The Magistrate Judge recommended dismissal of all of Plaintiff's claims except his claims against Defendants Hayes and Mosley. Dkt. No. 22. The Magistrate Judge concluded: Plaintiff fails to assert factual allegations against Defendants Blash, Ferrell, Hines, Little, and Wingate; Defendants Lockwood, Wayne County Jail, and County Commissioners are not proper Defendants; and Defendant District Attorney has immunity against Plaintiff's claims. Id. at 6. The Magistrate Judge directed service of Plaintiff's Eighth Amendment claims against Defendants Hayes and Mosley. Dkt. No. 23.

**DISCUSSION**

Plaintiff's Objections are untimely. The Magistrate Judge's Report and Recommendation was served on Plaintiff on July 13, 2026. Dkt. No. 22. Plaintiff had 14 days to file an objection. Fed. R. Civ. P. 72(b). Plaintiff, however, submitted his Objections on September 24, 2026, well beyond this deadline. Dkt. No. 37. Because the Objections are late, the Court need not consider them. See, e.g., Willis v. Bowman, 4:23-cv-40, 2023 WL 3337247, at *1 (S.D. Ga. May 10, 2023) ("The Court has no obligation to consider untimely objections.").

Even considering Plaintiff's Objections, Plaintiff has not shown that the Magistrate Judge erred in any way. First, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his claims against Defendants Wayne County Jail and County Commissioners. Dkt. No. 37 at 1. As support, Plaintiff asserts that individual officers violated his constitutional rights under official unwritten customs, inadequate training, and deficient oversight. Id. However, Plaintiff does not respond to the Magistrate Judge's reasoning that these Defendants are not proper parties under 42 U.S.C. § 1983. Thus, this Objection fails.

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claims against the "administrative and prosecutorial" Defendants. Id. at 2. Plaintiff argues that these Defendants are not immune from suit because they actively participated in administrative failures and constitutional violations. Id.

This Objection is not responsive to the Report and Recommendation as to the "administrative" Defendants (which the Court understands to mean Defendants Blash, Ferrell, Hines, Little, Lockwood, and Wingate). The Magistrate Judge did not recommend dismissal of Plaintiff's claims against these Defendants because they are immune; instead, the Magistrate Judge concluded that Plaintiff failed to state § 1983 claims against them.

Dkt. No. 22 at 3-4, 6. Plaintiff does not show any error in the Magistrate Judge's analysis.

This Objection, while responsive to the Magistrate Judge's Report and Recommendation as to the "prosecutorial" Defendants (which the Court understands to mean Defendant District Attorney), is also conclusory and lacks merit. In his Objections, Plaintiff asserts, without elaboration, that this Defendant acted outside the scope of his official duties. Dkt. No. 37 at 1. But a prosecutor is "absolutely immune for initiating a prosecution and for presenting the State's case." Burns v. Reed, 500 U.S. 478, 491 (1991). Plaintiff alleges no facts that suggest that Defendant District Attorney did otherwise. Thus, Plaintiff's argument is unconvincing.

After an independent review, I **OVERRULE** Plaintiff's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as this Court's opinion. I **DISMISS** Plaintiff's claims against Defendants Blash, County Commissioners, District Attorney, Ferrell, Hines, Little, Lockwood, Wayne County Jail, and Wingate. Plaintiff's claims against Defendants Hayes and Mosley remain pending. Dkt. No. 23.

**SO ORDERED**, this 5 day of November, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA